UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY GLENN SHERMAN, <br><br> Plaintiff, <br><br> v. <br><br> JOE LIZARRAGA, et al., <br><br> Defendants. | No. 2: 19-cv-0569 WBS KJN P <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint. (ECF No. 16.) For the reasons stated herein, the undersigned recommends that this action be dismissed.

In the section of the complaint form for identifying defendants, plaintiff lists the following defendants: Joe Lizarraga, A. Krouse, J. Lyman, C. Cassidy and C. Lamb. (Id. at 1-2.) However, in the discussion of his three claims, plaintiff identifies additional defendants. The undersigned herein discusses each of plaintiff's claims and the additional defendants.

Claim One

In claim one, plaintiff alleges violation of his right to due process and equal protection. (Id. at 3.) Plaintiff alleges that he attempted to obtain his federal rap sheet, criminal arrest history and Department of Defense service records in order to prepare for an initial parole consultation hearing with Nina Starr on November 4, 2018. (Id.) Plaintiff alleges that he also required these

1

documents in order to receive service related disability pension compensation. (Id.) Plaintiff alleges that, "The M.C.S.P. [Mule Creek State Prison] litigation office and law library is seriously inadequate, so M.C.S.P. Supervisor A. Krouse is named and is evidence through exhibits." (Id.)

The undersigned does not understand what plaintiff means by parole consultation hearing. In the second amended complaint, plaintiff alleges that he was entitled to parole consideration as a youthful offender because he committed his controlling offense before he was 26 years old. (Id. at 4.) It appears that the parole consultation hearing plaintiff refers to may be a hearing pursuant to People v. Franklin, 63 Cal.4th 261 (2016), under which a prisoner may make a record of information relevant to his eventual youthful offender hearing.

If plaintiff is alleging that he was denied access to documents he wanted to present at a parole suitability hearing, he may be alleging a violation of his right to present his case for parole at his suitability hearing. See Greenholtz v. Inmates v. Neb. Penal & Corr. Complex, 442 U.S. 1 (1979). If plaintiff is alleging that he was denied access to documents he wanted to present at a Franklin hearing, the extent of plaintiff's due process rights at a Franklin hearing, if any, are not clear.[1] In any event, whether plaintiff is alleging that he was denied access to documents he wanted to present in support of parole at a parole suitability hearing or at a Franklin hearing, plaintiff has not linked defendant Krouse to the alleged deprivation.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

---

[1] Whether plaintiff is alleging that he was denied his right to present his case at a parole suitability hearing or a Franklin hearing, either claim is properly brought in this civil rights action because a finding in plaintiff's favor would not necessarily lead to plaintiff's immediate release or earlier release from confinement. See Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016).

2

affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

While plaintiff suggests that the inadequacy of the MCSP law library contributed to his inability to obtain documents related to parole proceedings and his application for veterans' benefits, plaintiff does not describe any specific actions by defendant Krouse which caused him not to obtain these documents. For this reason, the undersigned finds that plaintiff has not adequately linked defendant Krouse to the alleged deprivations. The undersigned also reviewed the exhibits attached to plaintiff's second amended complaint. The undersigned cannot locate any exhibits supporting plaintiff's claim that defendant Krouse interfered with plaintiff's attempts to obtain the documents discussed above.[2]

---

[2] The undersigned observes that one of the exhibits attached to the second amended complaint undermines plaintiff's claim that prison officials thwarted his attempt to obtain documents related to his attempt to obtain veterans' benefits. In grievance MCSP 19-3435, submitted by plaintiff on August 1, 2019, plaintiff complained that prison officials were opening his mail, outside of his presence, related to his attempt to obtain veterans' disability benefits. (ECF No. 16 at 25.) Plaintiff requested that his mail from the Department of Defense, Department of Homeland

3

Accordingly, for the reasons discussed above, the undersigned recommends that claim one be dismissed.

Claim Two

In claim two, plaintiff alleges violations of the Eighth Amendment and his right to due process and equal protection. (ECF No. 16 at 4.) Plaintiff alleges that defendants Mendoza and Mailroom Supervisor Camp were derelict in their duties. (Id.) Plaintiff alleges that these defendants opened his mail from the O.G.I.S.[3] on July 23, 2019, even though it was clearly marked "legal mail." (Id.) Plaintiff cites grievance 19-3435 attached to the second amended complaint in support of this claim. (Id.) Plaintiff states that his grievance was then improperly screened out/rejected. (Id.) As his injury, plaintiff alleges that, "[d]ue to the parties involved this plaintiff was and still is hamstrung in preparing for and attempting to comply with any and all guidelines for an upcoming BPH (Board of Parole Hearing) initial consultation hearing…" (Id.)

In grievance 19-3435, plaintiff requested that prison officials treat as confidential his mail from the Department of Defense, Department of Homeland Security, Judge Advocate General, Naval Criminal Investigative Services, the Department of Veteran's Affairs and Cal-Vet. (Id. at 25.) Plaintiff also appeared to claim that prison officials had opened legal mail addressed to him from the National Personnel Records Center and Office of Government Information Services outside of his presence. (Id.)

The undersigned construes claim two as alleging that the opening of plaintiff's mail from the agencies listed above, outside of plaintiff's presence, violated plaintiff's First Amendment right to receive legal mail. Prison inmates retain a First Amendment right to send and receive

---

Security, Judge Advocate General, Naval Criminal Investigative Services, Departments of Veterans' Affairs and Cal-Vet be treated as confidential. (Id.) Plaintiff also wrote in the grievance that the Department of Defense had been attempting to provide him with assistance in obtaining his disability benefits through Cal-Vet. (Id.)

Grievance MCSP 19-3435 suggests that plaintiff was able to communicate with several agencies regarding his attempt to obtain veterans' disability benefits. In this grievance, plaintiff did not complain that prison officials prevented him from obtaining documents from, or otherwise communicating with, the agencies identified in this grievance.

[3] It appears that by O.G.I.S. plaintiff refers to the Office of Government Information Services.

4

mail despite the "inordinately difficult undertaking" to exercise and protect that right within a prison setting. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989) (quoting Turner v. Safley, 482 U.S. 78, 85 (1987)). As a general rule, a prison may adopt regulations that impinge on a prisoner's constitutional rights if the regulations are reasonably related to legitimate penological interests. Turner, 482 U.S. at 89.

Under federal law, "legal mail" is narrowly defined as confidential correspondence between a prisoner and his attorney and is protected by the First Amendment. See Nordstrom v. Ryan, 762 F.3d 903, 909 (9th Cir. 2014) ("Nordstrom I"). The Ninth Circuit "recognize[s] that prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). In criminal cases, such correspondence is also protected by the Sixth Amendment. See Mangiaracina v. Penzone, 849 F.3d 1191, 1196 (9th Cir. 2017) and cases cited therein. "[P]rison officials may open, but not read, incoming legal mail in the presence of the inmate." Nordstrom v. Ryan, 856 F.3d 1265, 1272 (9th Cir. 2017) ("Nordstrom II") (citing Wolff v. McDonnell, 418 U.S. 539, 577 (1974). "[T]he practice of requiring an inmate to be present when his legal mail is opened is a measure designed to prevent officials from reading the mail in the first place." Nordstrom I, 762 F.3d at 910 (citing Wolff at 577).

"A prison may set a higher standard than that required by the First Amendment, but doing so does not elevate a violation of a prison policy into a constitutional claim." Blaisdell v. Dep't of Pub. Safety, 2014 WL 5581032, at *6 (D. Haw. Oct. 31, 2014) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir 1988)). Federal law requires only that incoming legal mail from a prisoner's attorney, clearly marked as such be opened in the prisoner's presence.

None of the alleged legal mail cited by plaintiff in the second amended complaint and grievance 19-3435 came from an attorney representing plaintiff. Therefore, prison officials did not violate the First Amendment by allegedly opening this mail outside of plaintiff's presence. For this reason, plaintiff's allegations in claim two do not state potentially cognizable First Amendment claims. Accordingly, claim two should be dismissed.

////

Claim Three

In claim three, plaintiff alleges violations of the Eighth Amendment and his rights to due process and equal protection. (ECF No. 16 at 5.) Plaintiff alleges that law librarian technician L. Curran's "machinations" continued on September 24, 2019, during another modified lockdown. (Id.) Plaintiff alleges that he (plaintiff) waited to be called to the law library for priority legal user ("PLU") status as he had during the five previous lockdowns on August 20-23 and August 27 and August 28. (Id.) Plaintiff alleges that he had a court deadline on October 13, 2019. (Id.) Plaintiff alleges that on October 13, 2019, L. Curren told the floor officer that plaintiff had refused his PLU appointment. (Id.) Plaintiff alleges that his inability to attend the law library denied him access to the courts and an ability to prepare for his upcoming Board of Parole Hearings consultation hearing. (Id.)

The undersigned construes claim three to allege a violation of plaintiff's right to access the courts. Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996). To establish a violation of the right of access to the courts, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. See Lewis, 518 U.S. at 353-55; Christopher v. Harbury, 536 U.S. 403, 415 (2002) (to state an access to courts violation, plaintiff must describe the non-frivolous nature of the "underlying cause of action, whether anticipated or lost"). The prisoner must demonstrate that he has suffered or will imminently suffer actual injury. Lewis, 518 U.S. at 348.

Plaintiff does not allege that a nonfrivolous legal attack on his conviction, sentence or conditions of confinement was frustrated or impeded as a result of his alleged inability to obtain law library access on the dates alleged. Plaintiff does not identify any specific case filed in court related to his conviction or concerning conditions of confinement that was injured as a result of inadequate law library access. The right to access the courts does not extend to parole consultation/suitability hearings. Even if it did, plaintiff does not specifically allege how his ability to represent himself at the parole consultation/suitability hearing was impacted by his alleged inadequate law library access.

For the reasons discussed above, the undersigned finds that plaintiff has not stated a potentially cognizable claim for denial of the right to access the courts. Accordingly, claim three should be dismissed.

Defendants Lizarraga, Lyman, Cassidy and Lamb

The second amended complaint contains no allegations against defendants Lizarraga, Lyman, Cassidy and Lamb. Because plaintiff has failed to link these defendants to the alleged deprivations, the undersigned recommends that these defendants be dismissed.

Conclusion

Because plaintiff has not stated potentially cognizable claims, despite having been twice previously granted leave to amend, the undersigned recommends that this action be dismissed. It does not appear that plaintiff can cure the pleading defects discussed above.[4]

On October 11, 2019, plaintiff filed a motion for an extension of time to file further briefing in support of the second amended complaint. (ECF No. 17.) This motion is denied as unnecessary.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an extension of time to file further briefing (ECF No. 17) is denied; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

---

[4] The undersigned observes that attached to the second amended complaint as exhibits are grievances filed by plaintiff related to prison officials' refusal to allow him to receive a magazine containing photographs of partially nude women. (See ECF No. 16 at 9.) The second amended complaint contains no claims regarding this matter. Moreover, neither the original or first amended complaints contained claims regarding this matter. Plaintiff is not entitled to change the nature of his suit by adding new, unrelated claims in an amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Accordingly, the undersigned will not further address this matter.

7

failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 13, 2020

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Sher569.56